USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/19/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BASIL OKOCHA,

                Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

11 Civ. 1854 (LTS) (JLC)

**JAMES L. COTT, UNITED STATES MAGISTRATE JUDGE.**

**To the Honorable Laura Taylor Swain, United States District Judge:**

    Plaintiff Basil Okocha ("Okocha"), proceeding pro se, brings this action pursuant to Title II of the Social Security Act, seeking judicial review of a decision by Defendant Commissioner of Social Security (the "Commissioner") terminating Okocha's Social Security Income benefits as of March 31, 2011. Currently before the Court is the Commissioner's motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. For the reasons set forth below, the Commissioner's motion should be granted, and this action should be dismissed without prejudice to Okocha filing a new complaint following the conclusion of his administrative proceedings before the Social Security Administration.

## I. BACKGROUND

    The factual background in this case is set out more fully in the undersigned's May 19, 2011 Report and Recommendation, see Report and Recommendation, dated May 19, 2011 ("the Report") (Dkt. No. 21), and familiarity with the facts underlying the action is assumed. In short, Okocha, who was granted asylum in the United States as of February 5, 2002 and is now a

1

USDC SDNY
DATE SCANNED 7/19/11

permanent resident, filed an application for SSI benefits due to blindness on May 18, 2006 and received such benefits until March 31, 2011. Declaration of Julio Infiesta, dated May 12, 2011 ("Infiesta Decl.") ¶¶ 1-3 (Dkt. No. 17).

On January 31, 2011, a Notice of Planned Action was sent to Okocha informing him that his benefits would stop on March 31, 2011. Id. ¶ 4 & Ex. 1. The notice also informed Okocha that (1) if he appealed the planned action within 10 days of his receipt of the notice, his benefits would temporarily continue; and (2) the deadline to appeal was 60 days from his receipt of the notice. Id. Ex. 1, at 5. Okocha did not appeal. Instead, on March 8, 2011, he filed the instant action in the United States District Court for the Eastern District of New York, and it was subsequently transferred to this district. Dkt. Nos. 1, 2, 3. In the Complaint, Okocha alleges, among other things, that his "social security was terminated without just cause or legal [r]eason" and before he had a hearing in front of an administrative law judge. Complaint, dated March 6, 2011 (Dkt. No. 1) ¶ 7.

Construing Okocha's filing of the complaint as an appeal of the determination regarding his eligibility to receive SSI benefits, the Social Security Administration (the "SSA"), on April 7, 2011 and April 19, 2011, sent Okocha notices requesting that he complete an enclosed copy of form SSA-501, which requests a hearing by an administrative law judge. Infiesta Decl. ¶ 8. On April 26, 2011, Okocha filed the form with the SSA, id. ¶ 8, and by application dated April 27, 2011, sought injunctive relief to obtain benefits pending the outcome of the review of his claim by this Court or by an administrative law judge. Motion, dated April 27, 2011 ¶ 4 (Dkt. No. 14).[1] On May 12, 2011, the Commissioner filed an opposition to Okocha's motion, along with

---

[1] I have assigned paragraph numbers to Okocha's motion.

2

the instant motion to dismiss. Memorandum of Law in Support of Defendant's Motion to Dismiss, dated May 12, 2011 ("Def.'s Mem.") (Dkt. No. 16). On May 19, 2011, the undersigned issued the Report recommending that Okocha's motion for a preliminary injunction be denied and, on June 20, 2011, the Court adopted the Report in its entirety. Dkt. Nos. 21, 23. Okocha filed an opposition to the Commissioner's motion to dismiss on May 20, 2011. Plaintiff's Opposition, dated May 19, 2011 ("Pl.'s Opp'n") (Dkt. No. 22). The Commissioner filed a reply on June 30, 2011. Defendant's Reply Memorandum of Law, dated June 30, 2011 (Dkt. No. 24).

## II.   DISCUSSION

The Commissioner contends that the action should be dismissed because Okocha has not exhausted his administrative remedies with the SSA and this Court therefore lacks subject matter jurisdiction over this action. Def.'s Mem. at 11-17. Okocha does not dispute this argument or for that matter address it in his response. Instead, he attempts to reargue his previously unsuccessful motion for a preliminary injunction, contending that "on humanitarian grounds" the Court should order that Okocha's "salary [i.e., his SSI benefits] continue indefinitely, pending final outcome this matter." Pl.'s Opp'n at 2. This argument is unavailing.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action for lack of subject matter jurisdiction. On a Rule 12(b)(1) motion, a plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction exists. See, e.g., Payne v. Astrue, No. 10 Civ. 2629 (BSJ) (THK), 2011 WL 1770789, at *3 (S.D.N.Y. Apr. 15, 2011) (citing cases).

A plaintiff's failure to exhaust administrative remedies with respect to claims that arise under the Social Security Act deprives a district court of subject matter jurisdiction to review those claims. See Califano v. Sanders, 430 U.S. 99, 108 (1977). Judicial review in cases arising

3

under the Social Security Act is authorized by 42 U.S.C. § 1383(c)(3), which incorporates by reference 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part, that "[a]ny individual, after any final decision of the Commissioner of Social Security, made after a hearing to which he was a party . . . may obtain review of such decision by a civil action." Id. (emphasis added). The statute does not define the term "final decision," but provides authority to the SSA to explicate it by promulgating regulations. Id. § 405(a).

The SSA has established a three step process by which an individual exhausts his administrative remedies by obtaining a final decision after review by the SSA, an administrative law judge, and the Appeals Council. See 20 C.F.R. § 404.90(a); see also Report at 5-7. Only after completing these steps, does the individual have the requisite "final decision" allowing for judicial review in federal court. 20 C.F.R. § 404.90(a). And, without such a final decision before it, a court lacks subject matter jurisdiction over an action. See, e.g., Payne, 2011 WL 1770789, at *4 (citing cases); Louis v. Comm'r of Social Sec., No. 09 Civ. 4725 (JGK), 2010 WL 743939, at *3 (S.D.N.Y. Mar. 2, 2010) (citing cases).

Okocha has failed to exhaust his administrative remedies here as the SSA has not rendered any final decision regarding Okocha's SSI benefits. Although Okocha received an initial determination from the Commissioner on January 31, 2011 that his benefits would stop on March 31, 2011, he did not appeal it. Infiesta Decl. ¶ 4 & Ex. 1. Moreover, Okocha has yet to have a hearing before an administrative law judge. Id. ¶ 8.[2] While it is true that in certain limited circumstances a court may excuse the exhaustion requirement, I cannot conclude on the current record that the exhaustion requirement should be excused. See, e.g., Abbey v. Sullivan,

---

[2] The SSA will not schedule a hearing regarding Okocha's benefits until the proceedings in this Court have concluded. Infiesta Decl. ¶ 8.

4

978 F.2d 37, 44 (2d Cir. 1992)). Accordingly, because Okocha has not exhausted his administrative remedies and has not established that his failure to exhaust should be excused, the Commissioner's motion to dismiss for lack of subject matter jurisdiction should be granted. See, e.g., Louis, 2010 WL 743939, at *3; Mussilly v. Astrue, No. 08 CV 3933 (RJD), 2009 WL 4891770, at *2 (E.D.N.Y. Dec. 16, 2009); Mathews v. Chater, 891 F. Supp. 186, 189 (S.D.N.Y. 1995).[3]

### III. CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss the complaint (Dkt. No. 1) without prejudice to Okocha filing a new complaint following the conclusion of Okocha's administrative proceedings before the SSA.

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Swain.

---

[3] Because I recommend that the Court dismiss the Complaint for lack of subject matter jurisdiction, I do not reach the Commissioner's alternative argument that the complaint be dismissed for failure to state a claim. For the same reasons that Okocha could not establish a likelihood of success on the merits because he no longer appears to be eligible for SSI benefits, see Report at 8-9, his Complaint fails to state a claim as well.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) (citing Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) and Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: New York, New York
      July 19, 2011

_/s/ James L. Cott_
JAMES L. COTT
United States Magistrate Judge

**Copies of this Report & Recommendation have been sent by mail to**

Basil Okocha
15 North Street, Apt. B
Bronx, New York 10468

Susan Branagan
United States Attorney's Office
86 Chambers Street, 3rd Floor
New York, New York 10007