UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

BASIL OKOCHA,

        Plaintiff,

-v-

        No. 11 Civ. 1854 (LTS)(JLC)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 15 2013

## ORDER

        Plaintiff Basil Okocha ("Plaintiff"), proceeding pro se, with the Court's permission, has reopened his case, filed an amended complaint and moved for an injunction to reinstate his Supplemental Security Income ("SSI") benefits.  The case was assigned to the undersigned and referred to Magistrate Judge James L. Cott.  This is the third time that a Report and Recommendation by Judge Cott in this case has come before the Court.  On June 20, 2011, the Court adopted Judge Cott's Report and Recommendation and denied Plaintiff's "Motion to Reinstate Plaintiff's Social Security Income Pending Outcome of Hearing," and, on September 9, 2011, the Court again adopted Judge Cott's Report, and granted Defendant's motion to dismiss.

        The Court granted Plaintiff's application to reopen the case on May 14, 2012, after Plaintiff alleged that the Social Security Administration had continued to deny him benefits in violation of the orders of the Social Security Administrative Law Judge.  On May 23, 2012, the Commissioner of Social Security (the "Defendant") filed a motion to dismiss, which was briefed by both parties.  Judge Cott's thoughtful and comprehensive Report and Recommendation (the "Report"), issued on October 1, 2012, recommends that the Plaintiff's

OKOCHA.WPD     VERSION 1/15/13     Copies mailed/faxed to Plaintiff
Chambers of Judge Swain
1-15-2013     1

benefit claim and motion for reinstatement of benefits be dismissed for lack of subject matter jurisdiction without prejudice to Plaintiff filing a new complaint following exhaustion of his administrative remedies. Judge Cott's Report also recommends dismissing Plaintiff's punitive damages claim with prejudice and directing the Defendant to clarify Plaintiff's administrative status. As of the date of this Order, no objection to the Report has been filed.

When reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2006). "A district court evaluating a Magistrate Judge's report and recommendation may adopt those portions of the . . . report to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." Eisenberg v. New England Motor Freight, Inc., 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (citation omitted); see also Wilds v. United Parcel Service, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record" (internal citations and quotation marks omitted)). The Court is satisfied that the Report contains no clear error and adopts the Report in its entirety.

Accordingly, Defendant's motion is granted. Plaintiff's amended complaint is dismissed, and Plaintiff's preliminary injunction motion is denied, for lack of subject matter jurisdiction. This decision is without prejudice to Plaintiff's ability to file a new complaint for benefits after he has exhausted his administrative remedies. Because there is no jurisdictional basis for Plaintiff's punitive damages claim, any such new complaint should not include a claim for punitive damages.

Defendant is hereby ordered to provide specific information to the Plaintiff in writing as to how to navigate the next stages of the administrative review process in order to obtain a final decision from the Social Security Admission regarding his claim for SSI benefits. The Defendant is also ordered to assist the Plaintiff in correcting any information that the Social Security Administration provided to the New York City Human Resources Agency that may have resulted in the erroneous termination of Plaintiff's welfare benefits, to the extent that Plaintiff can demonstrate that such a termination has occurred.

This Order resolves docket entry numbers 33 and 36. The Clerk of Court is requested to enter judgment accordingly and to close this case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
       January 15, 2013

_____
LAURA TAYLOR SWAIN
United States District Judge